# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

JOHN ESTERHAY,               )
                             )
        Plaintiff,           )
                             )
v.                           )        Case No. 3:23-CV-203-KDB-DCK
                             )
TEN OAKS MANAGEMENT, LLC; ASTECH )
HOLDINGS, LLC; AEP LEGACY, INC., formerly )
known as ASTECH Engineered Products, Inc.; )
ANDREW LOVROVICH; DAVID RICHESON; )
and JOHN DOES 1-20;          )
                             )
        Defendants.          )

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendants Ten Oaks Management, LLC ("Ten Oaks"), ASTECH Holdings, LLC ("ASTECH"), AEP Legacy, Inc., formerly known as ASTECH Engineered Products, Inc. ("AEP"), Andrew Lovrovich ("Lovrovich"), and David Richeson ("Richeson"), and respectfully submits to the Court the following Reply Brief in support of its Motion to Dismiss Plaintiff's Second Amended Complaint.

## I.    INTRODUCTION

Despite having three opportunities to adequately plead his claims, Plaintiffs' Response to Defendant's Motion to Dismiss (the "Response") demonstrates he has failed to correct the fatal pleading deficiencies specifically identified and comprehensively explained in Defendant's Memorandum in Support of its Motion to Dismiss (the "Defendants' Brief"). Initially, Plaintiff makes multiple fanciful claims in his introductory paragraph which are nowhere pled in his Second Amended Complaint. These baseless assertions should be disregarded. Furthermore, Plaintiff's own Complaint allegations demonstrate that he could not possibly have been misled into taking

his job because he decided to accept it before any alleged misrepresentations were made. Likewise, his Complaint pleads no facts to support he was terminated within the jurisdiction of California or Virginia. Thus, the Court should grant Defendants' Motion to Dismiss and dismiss all of Plaintiff's claims with prejudice.

## II. ARGUMENT

### 1. Plaintiff Fails to Allege Any Misrepresentations Occurred Before He Decided to Accept His Job

Plaintiff's Response presents a narrative that Defendants misled him before the March 14, 2022, Town Hall with statements "designed to convince" him that Ten Oaks had acquired ASTECH by "investing its own money and would invest further in the business." (D.E. 25 p. 23). But Plaintiff's own version of events in his Second Amended Complaint shows he decided to accept a job with Ten Oaks before the Town Hall. Plaintiff's Response argues, for the first time, that references made by Lovrovich referring to the ASTECH acquisition as a "sale" with a "closing price" between March 8, 2022, through March 10, 2022, were somehow misrepresentations. (D.E. 25 p. 23); (D.E. 23 ¶¶ 22-23, 25-26). However, the Second Amended Complaint, itself, does not allege that these statements were misrepresentations. In fact, Plaintiff concedes a sale did take place. Indeed, Plaintiff's Second Amended Complaint acknowledges that he discussed with Lovrovich on March 11, 2022, that all money wires had been processed and all documents were signed for the acquisition of ASTECH. (D.E. 23 ¶ 26). Thus, Plaintiff's own allegations acknowledge the existence of the sale of ASTECH between Ten Oaks and Melrose (GKN). Consequently, Plaintiff has failed to present any alleged misrepresentation which occurred prior to March 14, 2022.

### 2. Plaintiff's Actions as Alleged in the Second Amended Complaint Are Inherently Contradictory and Do Not Allow Him to Avoid a Motion to Dismiss

Defendants do not challenge the veracity of Plaintiff's allegations as Plaintiff's Response suggests. (D.E. 25 p. 26). Instead, Defendants have simply highlighted the inherent contradiction in Plaintiff's own allegations. Plaintiff cannot escape a motion to dismiss by contradictorily pleading. This is unlike *Sinclair v. Mobile 360, Inc.*, cited by Plaintiff, where the court affirmed the magistrate's recommendation to deny dismissal based on **defendants' arguments** which contradicted the allegations plead in the plaintiff's complaint. *Sinclair v. Mobile 360, Inc.*, No. 1:07CV117, 2007 U.S. Dist. LEXIS 59701, at *1-2 (W.D.N.C. Aug. 14, 2007). Here, accepting the allegations in the Second Amended Complaint as true, any reasonable person would believe that Plaintiff accepted the position with ASTECH prior to the Town Hall session, despite Plaintiff's other contradictory pleadings and unwarranted conclusions.

Nevertheless, Plaintiff's Response completely fails to address the contradictions between his actions and the conclusory allegations plead in his Second Amended Complaint. While Plaintiff's Response acknowledges that he presented himself as being "associated with Ten Oaks" at the Town Hall session, Plaintiff also attempts to shield himself by alleging he "did not hold himself out as ASTECH's CEO during the session." (D.E. 25 p. 25); (D.E. 23 ¶¶ 37, 39). In fact, Plaintiff was presented to ASTECH employees as a Ten Oaks team member in a slide entitled "Meet the Ten Oaks Team." (Id. at ¶ 37). Plaintiff cannot escape the significance of what he was representing to Defendants, and the audience, in an effort to avoid dismissal. Plainly, Plaintiff's actions in agreeing to represent himself as a member of the team is not undone by the fact that he now alleges that he did not specifically identify himself as CEO.

Though Plaintiff claims he "did not hold himself out as ASTECH's CEO," his actions as pleaded in the Second Amended Complaint paint an entirely different story. Specifically, Plaintiff

has acknowledged that he agreed to make his own travel arrangements to attend "Ten Oaks' 'Town Hall' sessions scheduled for Monday, March 14, 2022 at ASTECH's offices in Santa Ana, California." (D.E. 23 ¶ 28). Plaintiff also participated in planning meetings for the Town Hall sessions and agreed to present himself as a member of the Ten Oaks' team. (*Id*. at ¶¶ 28, 37). In addition, Plaintiff remained at the Town Hall sessions after the presentations concluded to meet with audience members where individuals discussed with Plaintiff their hopes for employment under Ten Oaks. (*Id.* at 44). Thus, Plaintiff clearly presented himself as having decided to accept the position with ASTECH prior to any alleged misrepresentations.

Plaintiff's Response now shamelessly alleges that his actions in participating in the Ten Oaks' Town Hall session was an effort to preserve his candidacy. (D.E. 25 p. 25). These are not the actions of someone preserving their candidacy. Specifically, Plaintiff's own allegations indicate that the purpose of the Town Hall meetings was to "recruit former employees that had been administratively terminated the prior business day to accept new offers of employment with ASTECH." (D.E. 23 ¶ 36). Plaintiff knowingly represented himself to potential employees of ASTECH as a **member of the team** and thus, supported Ten Oaks' efforts to recruit new employees. This is not an action of someone preserving their candidacy.

Moreover, Plaintiff alleges the Town Hall session was directed at recruiting former employees of ASTECH. (D.E. 23 ¶ 36). As a participant in the presentation at the Town Hall session, Plaintiff was not the intended target of the statements made in the presentation. (*Id*. at ¶¶ 28, 37). Consequently, the alleged statements made during the March 14, 2022, Town Hall session could not have been made with the intent to induce Plaintiff to accept the position of CEO because those statements were not directed to Plaintiff at all.

### 3. Plaintiff Fails to Sufficiently Allege the Statements Made on March 14, 2022 Were Misrepresentations

Plaintiff's fraud and negligent misrepresentation claims rely completely on the alleged misleading nature of statements that Plaintiff asserts were "designed to convince" Plaintiff that "Ten Oaks acquired ASTECH by investing its own money". (D.E. 25 p. 23). However, none of the alleged misrepresentations made by Defendants stated that Ten Oaks acquired ASTECH by investing its own money. Moreover, Plaintiff fails to identify any falsity in the statements made by Defendants at the March 14, 2022, Town Hall session.

Nevertheless, Plaintiff's Response argues that because there was a pay-to-take deal that Defendants statements referencing their "investment" were deceiving. (D.E. 25 p. 23). However, Plaintiff incorrectly assumes that an investment is limited to monetary contributions. In fact, BLACK'S LAW DICTIONARY 1122 (11th ed. 2019), defines "investment" as an expenditure to acquire property or assets to produce revenue. "Expenditure" is defined as "[t]he act or process of spending or using money, time, energy, etc.; esp., the disbursement of funds" or "[a] sum paid out." See *Expenditure*, BLACK'S LAW DICTIONARY (11th ed. 2019). Thus, simply because Ten Oaks received money to take over the ownership of ASTECH, does not mean that Ten Oaks did not make an "investment" in the company. In fact, Plaintiff's Second Amended Complaint details several examples of Defendants' "investments". Specifically, Plaintiff alleges that Lovrovich explained to him that through the deal, Ten Oaks was to assume liabilities from GKN's ownership of ASTECH, cover risks related to the renewal of the ASTECH's facility lease, cover certain existing customer claims against ASTECH related to defective product quality, cover the unprofitability of the Boeing contract, and cover the cost to liquidate and/or reorganize ASTECH if necessary, as well as for ordinary course working capital. (See D.E. 23 ¶ 70).

Moreover, Richeson and Lovrovich's statements during the Town Hall session discuss generalities of Ten Oaks' business model, not specific terms of its deal to acquire ASTECH. In fact, Richeson plainly advised the attendants at the Town Hall session that the Ten Oaks Group "exclusively" focuses on "investing in corporate divestitures". (See D.E. 23 ¶ 36). The plain meaning of the word "divest" is to "strip or deprive, especially of property rights." (See Dictionary.com). To divest is not the same as to sell. The nature of the pay-to-take deal between Ten Oaks and Melrose (GKN) is consistent with the nature of Ten Oaks' business model. Surely Plaintiff, an experienced business executive, would understand the nature of a corporate divestiture. Thus, there is nothing misleading in Richeson's statements about the nature of Ten Oaks' business.

Plaintiff's Response continues to argue, without factual support, that the statements made by Richeson and Lovrovich at the Town Hall session were at least misleading half-truths. However, Plaintiff's Response is not supported by the alleged misrepresentations identified in the Second Amended Complaint. Specifically, Plaintiff alleges Richeson stated, "GKN Aerospace completed the *sale of ASTECH* to a portfolio company of the Ten Oaks Group." (D.E. 23 ¶ 42); (D.E. 25 p. 23). However, the Second Amended Complaint fails to allege that a sale never occurred. In addition, Plaintiff alleges Richeson's statements, "[b]ecause we invest our own money, we make decisions that are right for our companies," that "Ten Oaks Group is a family office…exclusively focused on investing in corporate divestitures," and that "Ten Oaks is a 'Family Office' investment group…not a 'Private Equity' investor" were references to a monetary investment in ASTECH. (D.E. 23 ¶ 42). However, each of these statements refer to Ten Oaks' general business practices as part of their introduction to former ASTECH employees. These statements do not address in any way the nature of the deal between Ten Oaks and Melrose (GKN).

Tellingly, Plaintiff's Response both fails to address this argument and fails to allege these statements are false.

Plaintiff also alleges Lovrovich stated, "ASTECH is an ideal investment for Ten Oaks" and that "Ten Oaks' resources, experience, and focus on investment in the business, combined with a more flexible management structure will allow ASTECH to thrive." (D.E. 23 ¶ 43). Again, these statements simply do not support Plaintiff's interpretation. (See D.E. 25 p. 24). However, even if these statements can be considered future promises, as Plaintiff claims, plans for future action are ordinarily considered expressions of opinions which are not actionable. *Daniels v. Oldenburg,* 100 Cal. App. 2d 724, 727, 224 P.2d 472, 474 (1950); See also *Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.* (1988) 205 Cal. App. 3d 1415, 1423 [253 Cal. Rptr. 289]; *San Francisco Design Center Associates v. Portman Companies* (1995) 41 Cal.App.4th 29, 43–44 [50 Cal. Rptr. 2d 716]; 5 Witkin, Summary of Cal. Law, *supra,* Torts, § 774, p. 1137). Plaintiff's Response actually concedes Ten Oaks invested in ASTECH in multiple ways by, at the very least, assuming new risks. (D.E. 23 ¶ 70).

Finally, Plaintiff alleges Lovrovich told Plaintiff that Ten Oaks planned to obtain an asset-backed loan for ASTECH. (D.E. 23 ¶¶ 49-50)(D.E. 25 p. 23). Plaintiff's Response alleges that after he joined ASTECH, he was informed that Defendants did not want ASTECH to apply for financing and that hiring an appraiser was simply a cover story to avoid raising suspicion of liquidation or reorganization. (D.E. 23 ¶¶ 91-93); (D.E. 25 p. 24). However, Plaintiff's Response fails to allege facts showing Defendants did not intend to obtain financing through an asset-backed loan at the time the statements were allegedly made. While Plaintiff later alleges he was told by Richeson, at an unspecified time, that they did not want to apply for financing, Plaintiff pleads no facts supporting a conclusion there was never any intent to seek financing prior to the time the

alleged misrepresentations were made. (D.E. 23 p. 30, ¶ 91). Accordingly, Plaintiff's Response fails to plead actionable misrepresentations supporting his fraud claim and this Court should therefore reject Plaintiff's conclusory arguments.

4. **Plaintiff's Claim for Negligent Misrepresentation Fails for the Same Reasons as Plaintiff's Fraud Claims**

Plaintiff's negligent misrepresentation claim is premised on the very same alleged misrepresentations as those in his fraudulent inducement claim. (*See* generally D.E. 23 pp. 55-56, ¶¶ 191, 197). Even if a "misleading half-truth" can satisfy the positive assertion requirement for a negligent misrepresentation claim, Plaintiff has failed to show any such statements were made. (*See* Section II.3, *supra*.) Furthermore, Plaintiff's Response fails to allege that he justifiably relied on any alleged misrepresentations before deciding to become ASTECH's CEO well before any alleged misstatements were made. Finally, Plaintiff's Response fails to show that Defendants intended to induce Plaintiff's reliance on any of the alleged misrepresentations. (*See* Section II.2, *supra*.) Therefore, for the same reasons as stated above, Plaintiff's claim for negligent misrepresentation must be dismissed.

5. **Plaintiff Has Not Plead Any Facts To Support a Conclusion that Any Unlawful Activity Occurred in California or Virginia**

Plaintiff's employment law claims must be dismissed. The deficiencies in Plaintiff's employment law claims are based on his failure to plead facts supporting violations of California or Virginia law not a choice of law dispute. Specifically, Plaintiff pleads no actions within the jurisdiction of California or Virginia violated those states' laws.

The parties agree that North Carolina courts follow the rule of *lex loci delicti,* the law of the situs of the claim*,* when determining the choice of law for tort or tort-like claims. *SciGrip, Inc. v. Osae*, 373 N.C. 409, 420 (2020). North Carolina courts have routinely interpreted the 'situs of

130004928.1                                                 8

the claim' as the "state where the plaintiff was injured" which is "where the last act occurred giving rise to the injury." *Harco Nat. Ins. Co. v. Grant Thornton LLP*, 206 N.C. App. 687, 694 (2010) (internal quotations and citations omitted); *Santana, Inc. v. Levi Strauss & Co.*, 674 F.2d 269, 272 (4th Cir. 1982). However, Plaintiff's Response incorrectly argues that this Court should apply an alternative standard used for financial injuries. (D.E. 25 p. 17). But Plaintiff's only pleaded specific injury is termination of employment, not a more vague financial injury.

Plaintiff has not shown that this standard applies to the claims presented in his Second Amended Complaint for two reasons. First, Plaintiff's Response argues that because Mr. Esterhay's wrongful termination claims seek economic damages resulting from "lost earning and other employment benefits' and loss of employment related opportunities" that his claims are economic injuries and thus, this Court should apply the law of the state where he felt his purported economic injury. (D.E. 25 at p. 18). However, the injury alleged in Plaintiff's state law claims was his wrongful termination. (D.E. 23 at ¶¶ 188, 189, 205, 211, 218, 226, 231). While the effects of the wrongful termination are partially economic in nature, this does not transform his alleged injury into an "economic" injury. Accordingly, Plaintiff has not shown that this standard even applies to Plaintiff's termination injuries.

Second, Plaintiff has not cited a single employment case that holds the place of termination is the state in which the injury was felt rather than the state where the injurious act (i.e., termination) occurred. Instead, Plaintiff relies on negligence and fraud cases, not employment cases, to support the economic injury standard. See *Synovus Bk. v. Coleman*, 997 F. Supp. 2d 659, 669 (W.D.N.C. 2012) (determining standard in breach of fiduciary duty, constructive fraud, negligence, and Unfair and Deceptive Trade Practices claims); *Wiener v. AXA Equitable Life Ins. Co.*, No. 3:18-cv-00106-RJC-DSC, 2021 U.S. Dist. LEXIS 30939, at *11 (W.D.N.C. Feb. 19,

2021) (determining standard for common law negligence action). Courts in the Fourth Circuit applying the *lex loci delicti* standard have held where a plaintiff alleges a claim for wrongful termination, the applicable law is that of the **place where the termination occurred**. See *Mullins v. Int'l Union of Operating Eng'rs Local No. 77*, 214 F.Supp.2d 655, 666-67 (E.D. Va. 2002), aff'd, 60 F. App'x 510, 511 (4th Cir. 2003) (finding termination of employment occurs where the employer **makes the decision and originates the communication** to the employee); *Musselman v. Merck & Co.*, No. 1:06cv845, 2006 U.S. Dist. LEXIS 69135, 2006 WL 2645174, at *2 (E.D. Va. Sept. 13, 2006); *Meadows v. Northrop Grumman Innovation Sys.*, 436 F. Supp. 3d 879, 887-88 (W.D. Va. 2020).

Despite Plaintiff's allegations that he felt the effects of his termination in either California or Virginia, the Second Amended Complaint is devoid of any factual allegations as to where the decision to terminate his employment occurred. (See D.E. 25 p. 18). Plaintiff fails to allege the location of either Richeson (a resident of the State of North Carolina) or Lovrovich (a resident of the State of Washington) at the time of Plaintiff's termination. Thus, Plaintiff has failed to establish that California law or Virginia law were violated in any way. Accordingly, Plaintiff's California common law claim, California statutory claims, and Virginia statutory claims must be dismissed.

### III. Conclusion

The Second Amended Complaint fails to allege sufficient plausible facts establishing that Plaintiff's claims viably withstand a challenge under Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff's Response fails to respond to the critical substantive and fatal deficiencies Defendants addressed in its Memorandum in Support of Defendants' Motion to Dismiss (D.E. 24-1). Accordingly, Plaintiff's claims must be dismissed with prejudice without an opportunity to amend.

Respectfully submitted this 29th day of September, 2023.

s/ Kevin V. Parsons, NC Bar 19226
Philip Hinson, NC Bar 42907
LEWIS BRISBOIS BISGAARD & SMITH
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28202
Telephone: 704-557-9929
Facsimile:  704-557-9932
Kevin.Parsons@LewisBrisbois.com
Philip.Hinson@LewisBrisbois.com

**Attorneys for Defendants**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Defendants' Reply Brief in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint" in the above-captioned proceeding was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

> Jared E. Gardner
> Mark S. Pincus
> GARDNER SKELTON PLLC
> 505 East Boulevard
> Charlotte, North Carolina 28203
> jared@gardnerskelton.com
> mark@gardnerskelton.com

This the 29th day of September, 2023.

s/ Kevin V. Parsons