# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:23-CV-203-KDB-DCK

|  |  |
|---|---|
| JOHN ESTERHAY,<br><br>               Plaintiff/Counterclaim<br>               Defendant,<br><br><br>v.<br><br>TEN OAKS MANAGEMENT, LLC; ASTECH HOLDINGS, LLC; AEP LEGACY, INC., formerly known as ASTECH Engineered Products, Inc.; ANDREW LOVROVICH; DAVID RICHESON; and JOHN DOES 1-20;<br><br>               Defendants/Counterclaim<br>               Plaintiffs. | **PLAINTIFF JOHN ESTERHAY'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS** |

Plaintiff John Esterhay ("**Esterhay**") hereby responds to Defendants Ten Oaks Management, LLC ("**Ten Oaks**") and ASTECH Holdings, LLC's ("**ASTECH**," collectively, "**Counterclaimants**") Counterclaims (the "**Counterclaims**") as follows:

## FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Counterclaims fail to state any claim upon which relief can be granted and should be dismissed. Without limitation, Counterclaimants have failed to identify their alleged trade secrets with sufficient particularity and Counterclaimants do not allege any factual allegations that plausibly suggest Esterhay engaged in any wrongful conduct in violation of N.C. Gen. Stat. §§ 75-1.1 *et seq*., or misappropriated, used, or disclosed any trade secret or confidential information of Counterclaimants.

1

**SECOND DEFENSE**

Counterclaimants' claims are barred to the full extent that Counterclaimants failed to mitigate their alleged damages.

**THIRD DEFENSE**

By Counterclaimants' actions and inaction, Counterclaimants' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**ANSWER**

Esterhay answers the correspondingly numbered paragraphs of the Counterclaims, as follows:

1. To the full extent Counterclaimant's Answer and Affirmative and Additional Defenses are inconsistent in any respect with Esterhay's Second Amended Complaint, Esterhay denies paragraph 1 of the Counterclaims.

2. Denied.

3. Admitted, upon information and belief.

4. Admitted, upon information and belief.

5. Paragraph 5 of the Counterclaims does not contain any factual allegations, thus no response is required. To the extent a response is required, denied.

6. Admitted.

7. The allegations contained in paragraph 7 of the Counterclaims state a legal conclusion to which no response is required.

8. The allegations contained in paragraph 8 of the Counterclaims state a legal conclusion to which no response is required. Except as expressly admitted, denied.

2

9. The allegations contained in paragraph 9 of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 9 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

10. Denied for lack of knowledge or information sufficient to form a belief.

11. Admitted that ASTECH was previously a supplier of all-welded honeycomb metallic aerostructures to the global aerospace and defense industry. Except as expressly admitted, denied.

12. Admitted that ASTECH designs and manufactures a product line of aircraft engine inlet and exhaust structures, including engine exhaust nozzles, plugs, flaps, and other specialized parts for Original Equipment Manufacturers ("OEMs") of commercial and military aircraft, naval vessels, missiles, and other platforms. Except as expressly admitted, denied.

13. Denied for lack of knowledge or information sufficient to form a belief.

14. Denied for lack of knowledge or information sufficient to form a belief.

15. Denied for lack of knowledge or information sufficient to form a belief.

16. Denied for lack of knowledge or information sufficient to form a belief.

17. Denied for lack of knowledge or information sufficient to form a belief.

18. Denied for lack of knowledge or information sufficient to form a belief.

19. Admitted that Counterclaimants recruited and induced Esterhay to serve as the "CEO or President" of ASTECH in March of 2022. Except as expressly admitted, denied.

20. Admitted that Esterhay signed a Protective Covenants agreement with Ten Oaks. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the

3

allegations of paragraph 20 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

21. Admitted that Esterhay signed a Protective Covenants Agreement with Ten Oaks. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 21 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

22. Admitted that Esterhay signed a Protective Covenants Agreement with Ten Oaks. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 22 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

23. Admitted that Esterhay signed a Protective Covenants Agreement with Ten Oaks. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 23 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

24. Admitted that Esterhay signed a Protective Covenants Agreement with Ten Oaks. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 24 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

25. Admitted that Esterhay signed a Protective Covenants Agreement with Ten Oaks. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 25 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

26. Admitted that Esterhay had the opportunity to obtain knowledge of the products and services Counterclaimants provided to their customers. Except as expressly admitted, denied.

27. Admitted that Esterhay had the opportunity to obtain knowledge of the products and services Counterclaimants provided to their customers. Except as expressly admitted, denied.

28. Admitted that Esterhay was made aware of "a sale" of ASTECH. Except as expressly admitted, denied.

29. Admitted that Esterhay had the opportunity to obtain knowledge of the products and services Counterclaimants provided to their customers. Except as expressly admitted, denied.

30. Admitted that on May 27, 2022, Counterclaimants communicated to Esterhay that Counterclaimants had terminated him from all roles with Counterclaimants effect immediately. Except as expressly admitted, denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

5

42. Esterhay incorporates by reference his responses contained in the preceding paragraphs.

43. Denied.

44. Denied for lack of knowledge or information sufficient to form a belief.

45. Denied for lack of knowledge or information sufficient to form a belief.

46. Denied for lack of knowledge or information sufficient to form a belief.

47. Denied for lack of knowledge or information sufficient to form a belief.

48. Admitted that Esterhay had the opportunity to obtain knowledge of information regarding Counterclaimants' business. Except as expressly admitted, denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Esterhay incorporates by reference his responses contained in the preceding paragraphs.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Admitted that Esterhay had the opportunity to obtain knowledge of information regarding Counterclaimants' business. Except as expressly admitted, denied.

6

61.	Denied.

62.	Denied.

63.	Denied.

64.	Esterhay incorporates by reference his responses contained in the preceding paragraphs.

65.	Admitted that Esterhay signed a Protective Covenants Agreement with Ten Oaks. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 65 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

66.	The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 66 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

67.	The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 67 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

68.	The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 68 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

69.	The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 69 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

70. The Protective Covenants Agreement is in writing and speaks for itself. To the extent the allegations of paragraph 70 of the Counterclaims differ in any respect from the Protective Covenants Agreement, the allegations are denied. Except as expressly admitted, denied.

71. Denied.

72. Denied.

73. Denied.

74. Esterhay incorporates by reference his responses contained in the preceding paragraphs.

75. Denied.

76. Denied.

**[Remainder of Page Intentionally Blank]**

8

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Esterhay prays the Court for the following relief:

1. Dismissal of the Counterclaims with prejudice.

2. Judgment that Counterclaimants shall have and recover nothing from Esterhay.

3. Judgment that Esterhay shall have and recover from Counterclaimants the costs of this action, including, but not limited to, attorneys' fees, as allowed by all applicable law.

4. For damages according to proof, including but not limited to direct damages, special damages, back pay, front pay, emotional distress damages, and punitive damages; plus any interest, costs, disbursements, statutory penalties, and attorney's fees to which Plaintiff is entitled by law.

5. To enjoin Defendants from continuing the unlawful, unfair and/or deceptive practices described herein.

6. All other relief, both legal and equitable, which the Court deems just and proper.

This the 26th day of March, 2024.

> */s/ Jared E. Gardner*
> Jared E. Gardner (N.C. Bar No. 28275)
> Mark S. Pincus (N.C. Bar No. 59036)
> Gabriela Thoren (N.C. Bar. No. 59653)
> GARDNER SKELTON PLLC
> 505 East Boulevard
> Charlotte, North Carolina 28203
> Telephone: (704) 335-0350
> Facsimile: (704) 390-7027
> jared@gardnerskelton.com
> mark@gardnerskelton.com
> bella@gardnerskelton.com
> *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS** has on this date been served upon counsel in this matter via this Court's CM/ECF system, as follows:

Kevin V. Parsons (N.C. Bar No. 19226)
Philip A. Hinson (N.C. Bar No. 42907)
Lewis Brisbois Bisgaard & Smith LLP
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28277
Telephone: 704-557-9929
Facimile: 704-557-9932
Kevin.Parsons@lewisbrisbois.com
Philip.Hinson@lewisbrisbois.com
*Attorneys for Defendants Ten Oaks, ASTECH Holdings,*
*Andrew Lovrovich, and David Richeson*

This the 26th day of March, 2024.

/s/ Jared E. Gardner
Jared E. Gardner (N.C. Bar No. 28275)
Mark S. Pincus (N.C. Bar No. 59036)
Gabriela Thoren (N.C. Bar. No. 59653)
GARDNER SKELTON PLLC
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Facsimile: (704) 390-7027
jared@gardnerskelton.com
mark@gardnerskelton.com
bella@gardnerskelton.com
*Attorneys for Plaintiff*